IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JODIE THOMAS CARLILE, III,

        Plaintiff,

v.                                                                   CIV. No. 98-1463 LH/DJS

CONOCO, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment (Docket No. 28). Defendant makes three primary arguments: (1) that Plaintiff is not disabled within the meaning of the Americans with Disabilities Act (the "ADA"); (2) that Plaintiff cannot perform the essential functions of his job and is therefore not a qualified individual under the ADA; and, (3) that Defendant may legally terminate Plaintiff even if he is disabled, because he is a "direct threat" to his own health and safety and to the safety of others. The Court has considered the briefs, supporting authorities and oral arguments of the parties presented at a May 16, 2000 hearing. For the reasons that follow, I conclude that Defendant's first argument is well taken, that Defendant's motion shall be **granted**[1], and that this case shall be **dismissed**.

### Background Facts

---

[1] This first argument is dispositive and renders addressing the second and third arguments unnecessary.

1

This case is brought under the ADA.[2]  The Complaint alleges that Plaintiff has a permanent disability as the result of an on-the-job injury and that Plaintiff was terminated from employment with Defendant Conoco because of this disability.  The Complaint alleges that no attempt to accommodate Plaintiff's disability was made before terminating him.

Plaintiff was employed at the Conoco Maljamar Gas Plant since September of 1990 and was terminated on May 25, 1996.  Beginning in May of 1993, Plaintiff suffered a series of incidents involving loss of consciousness and was subsequently diagnosed as having a partial complex seizure disorder.  In April 1996, Dr. Larry Anglin, the Medical Director for Conoco, at the request of the Plant Manager David Westmoreland, reviewed Plaintiff's medical situation.  Dr. Anglin stated in a November 1999 affidavit that his medical opinion in May 1996 was that Plaintiff "should not be allowed to drive company vehicles, ... to work at heights on or off the ground, no work in close proximity to unshielded heavy moving equipment or high heat sources such welding, no work in or over water, no offshore work, and no work done concerning the nature of the restrictions that should be imposed upon Mr. Carlile." (Ex. D to Defendant's Memorandum).  He stated that he would recommend these same restrictions in November 1999.

On May 9, 1996, Westmoreland wrote a termination letter to Plaintiff that stated in pertinent part:

> You recently provided me an attending physician report ... that stated you were able to return to work, with the only restriction being that you should not be in a position where you could endanger others if you had a recurrent syncopal episode. I advised you at that time that we could not permit you to return to your current

---

[2] The Complaint also mentions 42 U.S.C. § 1983 in the title and in Paragraph 5.  On April 24, 2000, at the request of the parties, the Court entered an Order (Docket No. 42), clarifying that the only claims before the Court are those brought under the ADA. Additionally, although the Complaint names David Westmoreland as a defendant, he was dismissed as a party on October 26, 1999.

job at the Maljamar Gas Plant due to safety restrictions and requirements. Furthermore, we have determined that we do not have any positions whereby we can accommodate your restrictions.

(Exhibit F to Def's Memorandum)

**Discussion**

An important function of summary judgment is to eliminate factually-unsupported claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmovant may not rest upon his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e). This means that the nonmovant must produce evidence supporting his claims. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 n.1 (10th Cir. 1998). Although the parties may dispute many subsidiary factual issues, once a movant has identified an element of a claim that the nonmovant cannot prove, all other factual disputes concerning that claim become immaterial, and the court may properly enter summary judgment. *See Celotex*, 477 U.S. at 322-23. The summary judgment material relied upon by the nonmovant is viewed in the light most favorable to him; however, that material must contain probative evidence that would allow a trier of fact to find in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

To establish a prima facie case under the ADA, a plaintiff must demonstrate:

1. That he is a disabled person within the meaning of the ADA;
2. That he is qualified, that is, he is able to perform the job, with or without reasonable accommodation; and,
3. That the employer terminated his employment under circumstances that give rise to an inference that the termination was based on his disability.

*Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997); *Wilson v. County of Bernalillo*, No.

CIV. 99-2197, 2000 WL 485129 (10th Cir. Apr. 25, 2000)(unpublished).

As noted above, the first prong of the *prima facie* case has been challenged by Defendant. Under the ADA, the term "disability" is a term of art. The statute defines it as:

(A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) A record of such an impairment; or
(C) Being regarded as having such an impairment.

42 U.S.C. § 21102(2).

Although Plaintiff's Complaint states that he has a disability, this is not the approach he takes in his brief in opposition to summary judgment.[3] Rather, he argues that he is able to perform the job he was performing at the time he was terminated (Pl's Affidavit, ¶ 3); or in the alternative, other types of activities for Conoco (Pl's Affidavit, ¶ 7). Plaintiff argues that Conoco, by its perception of his condition, has limited his ability to work by terminating him, thereby implicating coverage for him under the ADA. He contends that Conoco terminated him because of its perception that he was unable to do the necessary work. Plaintiff also argues that factual disputes exist as to whether or not Conoco could have made reasonable accommodation to overcome any perception that Plaintiff was a safety threat to himself or others.

Because Plaintiff is not now contending that he is actually "disabled" within the meaning of the ADA, or that there is a record of an impairment, he must demonstrate that he was "regarded as" disabled in order to survive summary judgment on his ADA claim. Even though

---

[3] Plaintiff's position on the disability prong is confusing, to say the least. As stated above, Plaintiff's Complaint alleges that he has a disability. His position in his brief in opposition to summary judgment, as partially supported by his affidavit, is that he is able to perform the duties of mechanic or welder, or other types of activities, for Conoco. It appears to be his position that he is merely "regarded as" being disabled. Based on the contents of his affidavit and deposition testimony, I conclude that Plaintiff is not disabled, as that term in defined under the ADA, and will proceed with the analysis as to whether or not he was "regarded as" disabled.

4

this theory was not properly plead in the Complaint, in an attempt to review nonmovant's case in the light most favorable to him, I will evaluate this approach.

The Equal Opportunity Employment Commission (EEOC) defines three general situations or contexts in which a plaintiff qualifies for the ADA's protection under the "regarded as" prong. *See* 29 C.F.R. § 1630.2(1)(1)-(3). Plaintiff's position falls under the first category: "has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment."

To make a *prima facie* showing of disability, Plaintiff must produce sufficient evidence for a reasonable trier of fact to conclude that Westmoreland perceived him as having an "impairment", and that this impairment, if it existed as perceived by Westmoreland, would have substantially limited one or more of his major life activities.

Under the "regarded as" prong, the disability status of Plaintiff turns not on his physical condition, but rather on how the Plaintiff was perceived and treated by those individuals alleged to have taken discriminatory action. Here, the discriminatory act alleged is Plaintiff's discharge from employment. The evidence indicates that Westmoreland, acting in his capacity as plant director, made the decision to discharge Plaintiff. He was the relevant decisionmaker in this case; this analysis must focus on how he perceived, and acted toward, Plaintiff. *See Deane v. Pocono Med. Ctr.,* 142 F.3d 138, 143 (3d Cir. 1998)(analysis of "regarded as" claim requires the court to determine whether defendant regarded plaintiff as having an impairment and whether the impairment, as perceived by the defendant, would have substantially limited one or more of plaintiff's major life activities).

Considered in the light most favorable to Plaintiff, the summary judgment record clearly

contains sufficient evidence to establish that Westmoreland regarded Plaintiff as having an impairment. The parties do not dispute this conclusion. The more difficult question is whether Plaintiff produced summary judgment evidence sufficient for a reasonable trier of fact to find that Westmoreland regarded his seizures as substantially limiting a major life activity.

Plaintiff's brief addresses only the "major life activity" of working. In other words, Plaintiff did not address whether or not Conoco regarded him as being substantially limited in any other major life activity such as the ability to care for himself, perform manual tasks, walk, see, hear, speak, breathe, or learn, nor do I see any evidence to this effect in the record. Again, Plaintiff refers the Court to no evidence as to what Westmoreland's perceptions in this regard were. The only evidence I have found by combing the record is contained at page 37 of Mr. Westmoreland's deposition, where he stated "with the restriction on his medical papers, we didn't see that he could perform that kind of work." Page 36 of this deposition has not been provided to the Court. Assuming this comment referred to Plaintiff, it is impossible to know what is meant by "that kind of work". Plaintiff merely makes the conclusory statement on page 8 of his brief that it is undisputed that Conoco terminated him for his physical disability and that this perception of impairment has restricted his ability to work.

This conclusory statement does not adequately address the issue of whether or not Westmoreland's perception was that Plaintiff was substantially limited in the major life activity of working. When the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires, at a minimum, that a plaintiff allege that he is unable to work in a broad class of jobs. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 483 (1999); *see* 29 C.F.R. § 1630.2(j) ("substantially limits" means significantly restricted in the ability to perform either a

class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities"). Plaintiff must, but does not, allege that Westmoreland regarded him as unable to perform a broad class of jobs. Furthermore, there is simply no evidence before the Court as to what Westmoreland's perception was, insofar as Plaintiff's ability to work in a broad class of jobs is concerned.[4] Plaintiff presents no evidence that Conoco made this employment decision based on its perception that Plaintiff was substantially limited in the major life activity of working. *See Chandler v. City of Dallas,* 2 F3d 1385, 1393 (5th Cir. 1993)(An employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish per se that the employer regards the employee as having a substantial limitation on his ability to work in general.") An impairment that an employer perceives as limiting an individual's ability to perform only one job is not a handicap under the ADA. *Welsh v. City of Tulsa, Okl.*, 977 F.2d 1415, 1419 (10th Cir. 1992).

Plaintiff's brief contains no factual support that Westmoreland thought that Plaintiff could not work in either "a class of jobs or a broad range of jobs in various classes." Although Dr. Anglin's affidavit mentions restrictions that he opined should be placed on types of activities of Plaintiff, this is insufficient to support a conclusion that Westmoreland perceived Plaintiff to be substantially limited in the major life activity of working.

**Conclusion**

---

[4] The only evidence Plaintiff presents is in his affidavit, which indicates that, in the past and at the present time, he could perform other duties for Conoco, including pipeline layout and drafting. (Affidavit at ¶ 7). Nothing is stated as to Westmoreland's perception in this regard. There is no evidence that such positions were available or that Plaintiff requested to be considered for such positions.

Plaintiff's brief is inadequate to defeat summary judgment. His brief contains arguments and conclusory statements without setting forth specific facts in the record showing that there is a genuine issue for trial. Plaintiff has not complied with Local Rule 56.1(b).

Defendant has identified an element of the *prima facie* case that Plaintiff cannot prove – the "disability" prong under the ADA. Once a movant has identified an element of a claim that the nonmovant cannot prove, all other factual disputes concerning that claim become immaterial, and the court may properly enter summary judgment. *See Celotex*, 477 U.S. at 322-23.

The summary judgment material relied upon by the nonmovant is viewed in the light most favorable to him; however, that material must contain probative evidence that would allow a trier of fact to find in his favor. *See Anderson*, 477 U.S. at 249-50 (1986). I have struggled to view the summary judgment evidence in the light most favorable to Plaintiff, but must conclude that no rational trier of fact could conclude that Westmoreland actually perceived Plaintiff to be substantially limited in the major life activity of working. Because Plaintiff has not met his burden to show that he was "regarded as disabled" by Conoco (or actually disabled as otherwise defined under the ADA), it is unnecessary to reach the other two parts of his prima facie case. Plaintiff has failed to establish his *prima facie* case.

**WHEREFORE,** for the reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 28) is hereby **granted.** The entry of this Memorandum Opinion and Order results in dismissal of this lawsuit.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**